Canvass of Absentee Ballots of
April 28, 1964, Primary Election

*Edward G. Mekel,* for Democratic County Executive
Committee and Michael Musmanno.

*Philip Kalodner* and *Gregory M. Harvey,* for
Genevieve Blatt.

*Levy Anderson,* Deputy City Solicitor, for Philadel-
phia County Board of Elections.

CARROLL, P. J., July 1, 1964.—The matters before the court are appeals from the rulings of the Philadelphia County Board of Elections on challenges as to the validity of certain absentee ballots cast in the primary election of April 28, 1964. It should be emphasized at the outset that the county board of elections initially separated all of the actual ballots from the declaration envelopes in which they were forwarded to the board. Thus, the actual ballots cast are not before us, and neither the election board nor this court, in determining the validity of any ballot, had knowledge for which candidate the ballot was intended to be cast.

Absentee voting has consistently been regarded by the Pennsylvania courts as an extraordinary procedure in which the safeguards of the ordinary election process are absent. The Absentee Voting Act of August 13, 1963, P. L. 707, sec. 20, et seq., 25 PS §3146.1-9 is constitutional only by virtue of section 19 of art. VIII of the Constitution, added by amendment of November 5, 1957. As such, it constitutes an extension of the right to vote, that is, a privilege to exercise the franchise in a particular manner. In extending the privilege of utilizing the absentee ballot, the legislature very properly provided safeguards to insure that the exercise of this privilege would not be abused either directly or indirectly, inadvertently or maliciously.

The court, in considering these appeals, must keep in mind that, in the casting of an absentee ballot, the ordinary safeguards of a confrontation of the voter by the election officials and watchers for the respective parties and candidates at the polling place are absent. See Decision of County Board of Elections, 29 D. & C. 2d 499 (C. P. Lebanon, 1962), where the court stated, at pages 506-07:

"There is little room for argument that the provisions of the law regarding absentee voting must be strictly construed and the rights created thereunder

not extended beyond the plain and obvious intention of the act. See Washington County Elections Board Case, supra. Absentee voting is somewhat of a new concept in our democracy, and we are learning that it is fraught with evils and frequently results in voided votes."

Accordingly, the statutory requirements for the proper casting of an absentee ballot are not mere technicalities but are substantive in nature and are mandatory; thus, the court must give strict interpretation of the letter of the electoral act as well as its spirit.

With this principle in mind, we now consider the various appeals before us. The Election Code, 25 PS §3146.2(e)(1) and (2), sets forth specific requirements with reference to applications for absentee ballots for those voters who are unable to vote at his or her polling place because of illness or disability or who will be unavoidably absent from the Commonwealth or county during the entire period the polls are open for voting on the day of any primary or election. These sections provide:

"(1) The application of any qualified registered elector, including spouse or dependent referred to in subsection (1), who expects to be or is unavoidably absent from the Commonwealth or county of his residence on the day of any primary or election, shall be signed by the applicant and shall include the surname and christian name or names of the applicant, his occupation, date of birth, length of time a resident in voting district, voting district if known, place of residence, post office address to which ballot is to be mailed, the reason for his absence, and such other information as shall make clear to the county board of elections the applicant's right to an official absentee ballot.

"(2) The application of any qualified registered elector who is unable to attend his polling place on the day of any primary or election because of illness or

physical disability and the application of any qualified registered bedridden or hospitalized veteran in the county of residence shall be signed by the applicant and shall include surname and christian name or names of the applicant, his occupation, date of birth, residence at the time of becoming bedridden or hospitalized, length of time a resident in voting district, voting district if known, place of residence, post office address to which ballot is to be mailed, and such other information as shall make clear to the county board of elections the applicant's right to an official ballot. In addition, the application of such electors shall include a declaration stating the nature of their disability or illness and the name of their attending physician, if any, together with a supporting declaration signed by such attending physician, or, if none, by a registered elector unrelated by blood or marriage of the election district of the residence of the applicant . . ."

## Applications for Absentee Ballots

In certain of the appeals before us, the voter, in making application for an absentee ballot, failed to properly complete the application form. Thus, on some 12 of these applications no reason has been indicated by the voter for his right to an absentee ballot. This omission violates the mandate of the act and is fatal. It is urged that the county board of elections, through its clerks, having accepted improperly executed applications for absentee ballots is now estopped from invalidating the applications and ballots.

It is clear that the doctrine of estoppal has no application in the face of a statutory mandate. Where the legislature has clearly set forth the requirements for one to avail himself of a privilege, a strict compliance with the statutory requirements is the only route one may travel in exercising that privilege. The voter, by failing to observe the statutory requirements, has dis-

franchised himself, and the fact that his failure was compounded by the inadvertence or negligence on the part of the county board of elections, through its clerks, cannot be interpreted as a waiver of such requirements.

Accordingly, the following appeals are dismissed and the action of the county board of elections is affirmed in the following cases: . . .

The county board of elections overruled the challenge and accepted the application of one Mary Harris, C. P. No. 4, June term, 1964, no. 1090 (count two). An examination of that application reveals that while a reason is indicated for obtaining the absentee ballot (namely, illness or disability), the supporting declaration of illness or disability has not been executed by an attending physician or a qualified elector. Thus, the mandatory requirements of the act not having been met, the appeal is sustained and the action of the county board of elections is reversed.

In 11 of the applications before us, the county board of elections likewise rejected challenges to applications for absentee ballots. In each of these cases, the elector had checked illness or disability as the reason for obtaining the absentee ballot and had set forth the name of his attending physician. However, on none of these applications has the named attending physician signed the supporting declaration. It is urged that whether or not an elector actually has an attending physician is a question of fact which must be determined before the statutory mandate comes into play. However, in each of these cases the elector, by his own admission, designated his attending physician and there is nothing in the record to contravene this admission. Accordingly, the question of fact as to what constitutes an attending physician with respect to these particular applications is immaterial.

The statutory requirements not having been met, the action of the board in denying the challenge was

error. The board is, therefore, overruled and the appeal sustained in the following cases: . . .

As to the appeals pertaining to Ellen M. Grow, Marie Whitman and Charles F. Wenke, C. P. No. 4, June term, 1964, no. 1090 (count one (b) ), in which disability or illness is indicated as the reason for the absentee ballots, there is some evidence that the individuals had a regular physician. However, the board concluded that they did not have an attending physician within the meaning of the act. With this factual determination we are in agreement. Accordingly, the appeal is dismissed and the action of the county board of elections is affirmed.

In 49 of the appeals before us, the electors, all patients in the Colonial Gardens Nursing Home, checked illness or disability as the reason for obtaining an absentee ballot. However, it is admitted by all parties that the supporting declaration in all of these cases was signed by an individual who was not a doctor, nor was he a qualified elector of the election district of these applicants. Clearly, the statutory requirements have not been met. Accordingly, the appeal is sustained and the action of the county board of elections in refusing to sustain the challenges is reversed in the following appeals: . . .

### Declarations on Ballot Envelopes

Eighteen appeals raised the question as to whether or not the declaration on the envelope containing the ballot must be signed by the elector. The county board sustained challenges to these ballots. It is urged the board was in error, since there were signatures on the return address portion of the envelope and such signatures are sufficient compliance with the act. We can afford this argument little weight in view of the clear unequivocal statutory language of the act: 25 PS §3146.6(a), which provides:

"(a) At any time after receiving an official absentee ballot but on or before the day of the primary or election, the elector shall, in secret, proceed to mark the ballot only in black lead pencil, indelible pencil or blue, black or blue-black ink, in fountain pen or ball point pen, and then fold the ballot, enclose and securely seal the same in the envelope on which is printed, stamped or endorsed 'Official Absentee Ballot'. This envelope shall then be placed in the second one, on which is printed the form of declaration of the elector, and the address of the elector's county board of election. *The elector shall then fill out, date and sign the declaration printed on such envelope.* Such envelope shall then be securely sealed and the elector shall send same by mail postage prepaid, except where franked, or deliver it in person or by representative to said county board of election: . . ." (Italics supplied).

Accordingly, the following appeals are dismissed: . . .

### Evidence

The final appeal argued before the court concerned the ballot of Charles W. McCarraher, C. P. No. 1, June term, 1964, no. 952 (count one). On his application for an absentee ballot, McCarraher indicated that he would be absent from the city on the day of the primary election. Accordingly, he was furnished with an absentee ballot which he thereafter apparently completed in conformity with the statutory provisions. However, his ballot was challenged on the basis that he was, in fact, within the city on the day of the primary election. At the hearing before the board, an investigator for the challenging party appeared and testified, over objection, that he, the investigator, had telephoned McCarraher and obtained information from McCarraher that because of a change of employment plans he was actually in the city on primary election day. If this is the fact, then McCarraher was disqualified from casting

an absentee ballot. See 25 PS §3146.6(b). The county board of elections, without clearly stating its reason, refused to give credence to this testimony and rejected the challenge.

It is now urged that irrespective of whether or not the testimony was credible, it should have been rejected as hearsay. It is perhaps sufficient answer to this contention that the absentee elector statute provides (25 PS §3146.8(e) ), with respect to the conduct of hearings on challenges to absentee ballots, that "the board shall not be bound by technical rules of evidence." More importantly, the statement of McCarraher constitutes an admission and thus is admissible as an exception to the hearsay rule. It must be kept in mind that all of the absentee electors whose votes have been challenged are given notice of the hearings before the board and thus are afforded an opportunity to appear and justify their use of the absentee ballot. If an individual fails to avail himself of this right, he has no grounds for complaint when the board accepts the best available testimony as to whether or not the individual has complied with the statutory requirements. Clearly, the voter's own admissions fit within this category.

The challenge is sustained and the action of the county board of elections is reversed.

Accordingly, we have entered orders consistent with this memorandum opinion.